UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DCM SYSTEMS, INCORPORATED<br><br>    Plaintiff,<br>vs.<br><br>TECHNICAL TRADES INSTITUTE, INC.<br>d/b/a/ INTELLITEC COLLEGE<br><br>    Defendant. | Case No.: |

## COMPLAINT

This is an action for copyright infringement, violation of the Digital Millennium Copyright Act (DMCA), violation of the Lanham Act §43(a), and interference with advantageous and prospective business relationships, arising out of the unauthorized reproduction, alteration, and publication of unauthorized copies of the content of multiple individual lesson videos that comprise Plaintiff's copyrighted work of authorship. Plaintiff seeks injunctive relief to terminate Defendant's unauthorized and unlawful reproduction, distribution, derivation, and display of Plaintiff's copyrighted works. Plaintiff further seeks actual and statutory damages, together with attorneys' fees and costs.

## THE PARTIES

1. Plaintiff, DCM Systems, Incorporated, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, and has a principal place of business at 1600 Providence Highway, Walpole, MA 02081. Plaintiff does business under the trade name and provides goods under the trademark "DCM Instructional Systems" (DCM

Systems, Incorporated and DCM Instructional Systems hereinafter, collectively, "DCM").

2. Upon information and belief, Defendant, Technical Trades Institute, Inc. d/b/a IntelliTec College ("IntelliTec") is a for profit corporation of Colorado having campuses in Pueblo, Grand Junction, and Colorado Springs, Colorado, and a principal place of business at 2504 E. Pikes Peak Avenue, Colorado Springs, Colorado 80909.

## JURSIDICTION AND VENUE

3. This action arises under the Trademark Laws of the United States, Title 15, Section 1051, et seq. of the United States Code, the Copyright Laws of the United States, Title 17, Section 101, et seq. of the United States Code, and the common law.

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1121 and 1203.

5. Jurisdiction of this Court is also based on diversity, pursuant to 28 U.S.C. § 1332(a) because this is an action between citizens of different states and the amount in controversy exceeds $ 75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

7. IntelliTec has ordered and received Dean Vaughn Medical Terminology products from DCM since at least as early as 1991.

8. On December 18, 2000, IntelliTec ordered and received a set of 14 video lessons from DCM in Massachusetts entitled "Dean Vaughn Medical Terminology 350 First Edition"

9. Since December 18, 2000, IntelliTec placed 104 orders for and made 104 purchases from DCM of nearly 3,000 printed texts entitled "Dean Vaughn Medical Terminology 350 Learning Guide," which are used with the Dean Vaughn Medical Terminology 350 video

lessons to teach the Dean Vaughn Medical Terminology 350 Instructional Program to IntelliTec students.

10. On November 16, 2004, IntelliTec placed an order to purchase two sets of 14 video lessons from DCM in Massachusetts entitled "Dean Vaughn Medical Terminology 350 Second Edition", and on November 19, 2004, DCM shipped the two sets of the videos from Massachusetts to IntelliTec, together with two separately numbered Site Licenses, one for each of the two campuses on which the videos are allowed to be used.

11. Each of the foregoing orders was shipped F.O.B. Walpole, Massachusetts.

12. IntelliTec operates an interactive website at www.intelliteccollege.com which is accessible to businesses and individuals located in the Commonwealth of Massachusetts, from which prospective students can, *inter alia*, apply for admission (http://www.intelliteccollege.com/apply.php ), schedule a campus tour (http://www.intelliteccollege.com/scheduleVisit.php ), and contact a financial assistance representative (http://www.intelliteccollege.com/visitFinancialAid.php ).

13. Individuals and businesses who are interested in hiring graduates of IntelliTec may employ the Employer Request Form at http://www.intelliteccollege.com/hire-college-graduates.php "to request qualified graduates."

14. As a result, IntelliTec has repeatedly transacted business in the Commonwealth, and has caused tortuous injury in this Commonwealth by an act or omission outside the Commonwealth and has regularly done or solicited business, and/or engaged in a persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in this Commonwealth, all within the meaning of the

Massachusetts Long Arm Statute, Massachusetts General Laws ch. 223A, §§ 3(a) and 3(d).

15. IntelliTec has thus directed its activities to residents of the Commonwealth for many years, and DCM's claim for relief arises out of those activities, so that the exercise of jurisdiction is reasonable. Therefore, this Court has specific personal jurisdiction over IntelliTec under the U.S. Constitution and the Massachusetts Long Arm Statute.

## BACKGROUND

16. DCM incorporates by reference the subject matter of paragraphs 1-15 as if fully set forth herein.

17. DCM is the exclusive provider of the proprietary learning system, the Dean Vaughn Total Retention System$^{TM}$ Series for Healthcare Education. DCM owns the copyrights in and to the content in the Dean Vaughn Medical Terminology 350 Instructional Program, including the content of the individual video lessons and the content of the Learning Guide, and on its own behalf and through its predecessor in interest, has secured the following copyright registrations for the works, as follows:

| PA 130 418 | Medical Terminology II |
|---|---|
| PA 420 689 | Dean Vaughn Learning Systems Applied to Medical Terminology 350 |
| PA 447 925 | Dean Vaughn Learning Systems Applied to Medical Terminology 350 |
| PA 1 636 467 | Dean Vaughn Medical Terminology 350 Second Edition |
| PA 1 760 886 | Dean Vaughn Medical Terminology 350 Second Edition: Instructor's Resource |
| TX 7 242 107 | Dean Vaughn Medical Terminology 350 Second Edition; Learning Guide. |

18. The opening frames in each of the 14 video lessons in DCM's Dean Vaughn Medical Terminology 350 Second Edition program bear a copyright notice that reads:

"© COPYRIGHT 2004 DCM SYSTEMS, INCORPORATED All Rights Reserved".

19. The opening frames of each of the 14 video lessons in DCM's "Dean Vaughn Medical Terminology 350 Second Edition" program bear the following trademarks of DCM: a zoom-in neon, Head Logo with animated starburst (the "DCM Head Logo"), and DCM INSTRUCTIONAL SYSTEMS (hereinafter, collectively, the "DCM Marks").

20. The opening frames of each of the 14 video lessons in DCM's "Dean Vaughn Medical Terminology 350 Second Edition" program states the following Terms Of Use:

> "This videocassette and the information contained thereon may not be duplicated, used commercially, exhibited to other than the purchaser or the employees of the purchaser, transmitted, broadcast, loaned, advertised, or altered without the written permission of DCM SYSTEMS, INCORPORATED."

21. The opening frames of each of the 14 video lessons in DCM's "Dean Vaughn Medical Terminology 350 Second Edition" program contains the following program content Disclaimer:

> "The course in which you are about to participate includes illogical, unreal, and in many instances, ridiculous visual images. They have been very carefully created to maximize retention. They are in no way intended to be insensitive, insulting, or indicative of any real life situation, person, place, or thing."

22. Because of the exclusive and proprietary nature of its copyrighted works, DCM took appropriate steps to protect its valuable intellectual property and restrict access to its content through careful licensing, and by issuing individualized, numbered, Site Licenses that, by their terms, limit the use and broadcast of the video content, precluding, *inter alia*, exhibition to anyone other than the purchaser or the employees of the purchaser, and

precluding transmission or broadcast without the express written permission of the copyright holder, DCM.

23. DCM included in each video technological protection measures (TPM) to prevent unauthorized copying, having MacroVision Video Copy Protection encoded on each of the 14 individual lesson tapes in the Dean Vaughn Medical Terminology 350 Second Edition program.

## COUNT I
## Copyright Infringement

24. DCM incorporates by reference the subject matter of paragraphs 1-23 as if fully set forth herein.

25. On or about June 10, 2013, IntelliTec posted, without authorization, substantially identical copies of at least 11 of the 14 video lessons in the Dean Vaughn Total Medical Terminology 350 Second Edition on IntelliTec's "IntelliTecVideos" channel on the YouTube® video sharing site. The unauthorized copies were made widely available throughout the United States, and, on information and belief, have been distributed, viewed, displayed, and copied, in Massachusetts.

26. On information and belief, IntelliTec made or caused to be made unauthorized, substantially identical, reproductions of at least Lessons 1, 2, 4, 6, 7, 8, 9, 10, 11, 13, and 14 of the Dean Vaughn Medical Terminology 350 Second Edition videos (the "Infringing Copies").

27. In creating the Infringing Copies, IntelliTec intentionally edited or caused to be edited each of the videos by disabling or circumventing the MacroVision Video Copy Protection coding (TPM).

28. In creating the Infringing Copies, IntelliTec also intentionally edited or caused to be edited each of the videos by removing DCM's Copyright Management Information (CMI), including the Terms of Use, content Disclaimer, and, for all but Lesson 4, DCM's Marks.

29. In creating the Infringing Copies, IntelliTec manipulated or caused to be manipulated the bitrate and resolution, such that the video and audio of each of the Infringing Copies is of a lesser quality than the original, copyrighted works.

30. The content of the DCM videos constitutes copyrightable subject matter under the laws of the United States.

31. DCM and/or its predecessor in interest has complied in all respects with the Federal Copyright Laws, (17 U.S.C. 101 *et seq*.) and secured the exclusive rights and privileges in and to the copyright in the content of the Dean Vaughn Medical Terminology 350 Second Edition program, Learning Guide, and Instructor's Resource.

32. At all times, DCM has placed a copyright notice on each of the 14 video lessons in DCM's Dean Vaughn Medical Terminology 350 Second Edition program that reads: "© COPYRIGHT 2004 DCM SYSTEMS, INCORPORATED All Rights Reserved".

33. IntelliTec willfully and knowingly violated DCM's copyrights by, *inter alia*, creating the Infringing Copies, and by publishing, distributing, and displaying the Infringing Copies on the YouTube® video sharing site.

34. In posting the Infringing Copies on the YouTube® video sharing site, IntelliTec induced third parties to infringe DCM's copyright.

35. All of the foregoing acts of IntelliTec were performed without the permission, license, or consent of DCM.

36. By reason of IntelliTec's acts of copyright infringement, DCM has suffered and will continue to suffer, substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and delusion of value of its rights. The extent of the amount of these damages is not fully ascertainable.

37. DCM is without an adequate remedy at law.

### COUNT II
### Circumvention of Copyright Protection Systems

38. DCM incorporates by reference the subject matter of paragraphs 1-37 as if fully set forth herein.

39. DCM protected its intellectual property interests by utilizing technological protection measures (TPM) on each of the 14 individual lesson tapes in the Dean Vaughn Medical Terminology 350, Second Edition program.

40. In the ordinary course of operation of the MacroVision Video Copy Protection encoded on each of the 14 individual lesson tapes in the Dean Vaughn Medical Terminology 350, Second Edition program, the TMP effectively protects a right of DCM by preventing, restricting, or otherwise limiting the exercise of a right of DCM under 17 U.S.C. § 101, *et seq*.

41. IntelliTec circumvented the protection afforded by the TPM by avoiding, bypassing, removing, deactivating, or otherwise impairing the TPM.

42. IntelliTec's willful, intentional, and deliberate circumvention of the TPM in creating the Infringing Copies and offering said copies to the public via the YouTube® video sharing site constitutes a violation of 17 U.S.C. § 1201, and has damaged and continues to damage DCM in a manner that is irreparable in nature.

43. DCM is without an adequate remedy at law.

## COUNT III
### Removal of Copyright Management Information

44. DCM incorporates by reference the subject matter of paragraphs 1-43 as if fully set forth herein.

45. The videos provided by DCM to IntelliTec included copyright management information (CMI) including the terms and conditions for use of the work, program content Disclaimer, and DCM's Marks.

46. IntelliTec, without authority of DCM, intentionally removed DCM's copyright management information.

47. IntelliTec, without authority of DCM, distributed or publicly performed unauthorized copies of DCM's works, knowing that copyright management information had been removed or altered without authority of DCM, and knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of DCM's right under 17 U.S.C. § 101, *et seq*.

48. In posting the Infringing Copies on the YouTube® video sharing site, with the CMI removed, IntelliTec willfully induced over 643 persons to infringe DCM's copyrights.

49. IntelliTec's willful, intentional, and deliberate removal of CMI in creating the Infringing Copies and offering said copies to the public via the YouTube® video sharing site constitutes a violation of 17 U.S.C. § 1202, and has damaged and continues to damage DCM in a manner that is irreparable in nature.

50. DCM is without an adequate remedy at law.

## COUNT IV
## Federal Unfair Competition

51. DCM incorporates by reference the subject matter of paragraphs 1-50 as if fully set forth herein.

52. The opening frames of each of the 14 video lessons in DCM's Dean Vaughn Medical Terminology 350 Second Edition program bears the DCM Marks, namely, a zoom-in neon, Head Logo with animated starburst (the "DCM Head Logo") , and DCM INSTRUCTIONAL SYSTEMS.

53. DCM has used the DCM Marks as source indicators for many years, since at least as early as 2004.

54. The DCM Marks are widely recognized as source indicators for high quality instructional programs and learning guides marketed and distributed by DCM.

55. In creating all but Lesson 4 of the Infringing Copies, IntelliTec, without authorization from DCM, removed the DCM Marks, and posted the Infringing Copies on the YouTube® video sharing site, representing the Infringing Copies as its own, using the source-indicating designation "IntelliTecVideos."

56. These acts of IntelliTec constitute a false designation of origin, and are likely to cause confusion, to cause mistake, or to deceive the public and the trade as to the affiliation, connection, or association of IntelliTec with DCM, in violation of § 43(a) of the Lanham Act and of the common law.

57. IntelliTec's false designation of origin was likely to cause, and has caused, consumer confusion as to the source of the products of the parties, as a result of which, DCM has been harmed.

58. IntelliTec's unfair competition was willful, and it has caused and will continue to cause DCM to suffer substantial damages, and has caused and will cause DCM to suffer irreparable harm for which there is no adequate remedy at law. DCM has suffered and will continue to suffer substantial damage to its business, including diversion of trade, loss of profits, injury to goodwill and reputation, and a dilution of rights, unless halted by this court. The extent and amount of these damages are not yet fully ascertainable, and DCM's remedy at law is not adequate to compensate it for the injuries inflicted by IntelliTec.

### COUNT V
### Tortious Interference With Business Relations

59. DCM incorporates by reference the subject matter of paragraphs 1-58 as if fully set forth herein.

60. IntelliTec's aforesaid actions have impaired the value of DCM's flagship product, and impacted the markets that DCM serves, as well as its reputation and integrity.

61. DCM has been asked by customers and potential customers on numerous occasions over the years for permission to copy its materials and make them available on line, and its policy – without exception – has been to deny those requests.

62. IntelliTec's publication of the Infringing Copies makes it appear that DCM has selectively changed its policies, and DCM's other customers have raised objections and complained about what they perceive as favorable treatment afforded to IntelliTec.

63. IntelliTec by its actions has thus interfered with prospective and existing business relationships for economic benefit between DCM and its customers and prospective customers.

64. On information and belief, IntelliTec, a long-standing customer of DCM, knew of DCM's relationships with its other customers and potential customers IntelliTec's interference with DCM's relationships with its customers and prospective customers was through improper motive or means, and DCM has lost advantage as a direct result of IntelliTec's conduct, and constitutes tortuous interference with prospective and existing business relationships.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands:

A. that Defendant be enjoined from infringing DCM's copyrights by making and copying and distributing any item bearing an unlawful reproduction of this copyrighted work or derivatives thereof;

B. that DCM be awarded at least its actual damages and any additional profits of IntelliTec as a result of IntelliTec's infringing activities in an amount yet to be determined, or in the alternative, to statutory damages for each infringement of DCM's copyright since issuance of the Certificates of Copyright Registration;

C. that DCM be awarded the actual damages suffered by DCM as a result of IntelliTec's violations of DMCA §1201, and any profits of IntelliTec that are attributable to the violation and not taken into account in computing actual damages in an amount yet to be determined, or, in the alternative if DCM so elects, statutory damages in the sum of not less than $200 or more than $2,500 per act of circumvention, device, product, component, offer, or performance of service, as the court considers just; and DCM's costs and attorneys fees;

D. that DCM be awarded the actual damages suffered by DCM as a result of IntelliTec's violations of DMCA §1202, and any profits of IntelliTec that are attributable to the

violation and not taken into account in computing actual damages in an amount yet to be determined, or, in the alternative if DCM so elects, statutory damages for each violation of § 1202 in the sum of not less than $2,500 or more than $25,000; and DCM's costs and attorneys' fees;

  E. that DCM be awarded IntelliTec's profits from its unfairly competitive acts in an amount yet to be determined, any damages sustained by DCM, and up to treble such damages, as well as the costs of the action and attorneys' fees.

  F. that DCM be awarded actual and punitive damages for IntelliTec's tortuous interference with DCM's actual and prospective business relations in an amount yet to be determined;

  G. that DCM be awarded attorneys' fees, together with interest and costs; and

  H. that DCM be awarded such other and further relief as the Court deems just and appropriate.

### Jury Demand

DCM demands a trial by jury on all issues so triable.

Respectfully submitted,

DCM SYSTEMS, INCORPORATED

By its Attorneys,

/s/ Ann Lamport Hammitte
Ann Lamport Hammitte (BBO# 553,263)
John L. Welch (BBO# 522,040)
LANDO & ANASTASI, LLP
One Main Street
Cambridge, Massachusetts 02142
Telephone: (617) 395-7000
Facsimile: (617) 395-7070
emailservice@lalaw.com
jwelch@lalaw.com
ahammitte@lalaw.com

Date: January 31, 2014